IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD EDWARDS, individually and on behalf of all similarly-situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> ALL-DRY, INC., and ALAN CHANDLER and NICK CHANDLER, individually, <br><br> Defendants | Civil No.:_____ <br><br> COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 |

## **COMPLAINT**

Comes Richard Edwards and files this lawsuit against the Defendants, All-Dry, Inc., and Alan Chandler and Nick Chandler, individually, on behalf of himself and all others similarly-situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), and for their cause of action would state as follows:

### I. **INTRODUCTION**

1. Plaintiff brings this action against All-Dry, Inc., and Alan Chandler and Nick Chandler, individually (hereinafter referred to as "Defendants"), pursuant to the collective action provision of the FLSA found at §216(b), for legal relief to redress unlawful violations of Plaintiff's rights, and the rights of those similarly-situated to Plaintiff, under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), which have deprived the Plaintiff, as well as others similarly-situated to Plaintiff, of their lawful wages. This suit is brought on behalf of the Plaintiff

and all others similarly-situated, pursuant to §216(b) of the FLSA.

2. Other current and former employees of Defendants are also entitled to receive their proper hourly unpaid wages and/or overtime compensation for the reasons alleged in this Complaint. Plaintiff is permitted to maintain this action "for and on behalf of [himself] and other employees similarly-situated." 29 U.S.C. §216(b).

3. This action is brought to recover unpaid hourly and overtime compensation owed to the Plaintiff and all current and former employees of Defendants who are similarly-situated to the Plaintiff, pursuant to the FLSA. The Plaintiff and the collective group similarly-situated are, or have been, employed by Defendants as employees who perform basement waterproofing and other services in the Middle Tennessee and surrounding areas within the three year period prior to the filing of this Complaint, up through the present.

4. During the three year period prior to the filing of this Complaint through the present, Defendants committed violations of the FLSA by requiring and/or suffering or permitting their non-exempt employees, including Plaintiff, to routinely work more than 40 hours per week without payment of overtime compensation.

5. Plaintiff and all similarly-situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

## II. THE PARTIES

### A. THE PLAINTIFF

6. Plaintiff Richard Edwards currently resides in Nashville, Tennessee and is a citizen of the United States. Plaintiff Edwards was employed with the Defendants for approximately three years until June of 2017.

7. During this employment with Defendants, Plaintiff worked as an hourly paid, non-exempt employee who routinely worked more than 40 hours each workweek. Even though he was non-exempt and worked a substantial number of overtime hours, Defendants failed to pay Plaintiff lawful overtime compensation as required by the FLSA.

8. At all times material to this action, the named Plaintiff and all similarly-situated members of this collective action were "employees" of Defendant All-Dry, Inc., as defined by §203(e)(1) of the FLSA.

9. At all times material to this action, the named Plaintiff and all similarly-situated members of this collective action were "employees" of Defendant Alan Chandler as defined by §203(e)(1) of the FLSA.

10. At all times material to this action, the named Plaintiff and all similarly-situated members of this collective action were "employees" of Defendant Nick Chandler as defined by §203(e)(1) of the FLSA.

11. Plaintiff worked for the Defendants within the territory of the United States within the three-year period preceding the filing of this lawsuit.

12. Plaintiff was covered by the overtime provisions of §207 of the FLSA for the period during which he was employed by Defendants.

### B. THE DEFENDANTS

13. Defendant All-Dry, Inc. is incorporated under the laws of the state of Tennessee, with offices located in Hermitage, Tennessee, and Campbellsville, Kentucky.

14. Defendant All-Dry, Inc. is a privately owned company which provides basement waterproofing, foundation repair, mold remediation, crawlspace encapsulation, and attic insulation services to owners of residential property in Tennessee, Kentucky and elsewhere.

15. Throughout the three year period prior to the filing of this Complaint, Defendant All-Dry, Inc., employed and paid the Plaintiff and all other similarly-situated employees on an hourly basis.

16. Throughout the three year period prior to the filing of this Complaint, Defendants Alan Chandler and Nick Chandler were owners and/or co-owners of All-Dry, Inc. Defendant Nick Chandler also served as the operations manager.

17. During this three year period, Defendants Alan Chandler and Nick Chandler hired and fired employees, or had the authority to hire and fire them, established pay levels and compensation policies for All-Dry, Inc. employees, and made other decisions which affected the terms and conditions of work for employees such as the Plaintiff.

18. Defendants Alan Chandler and/or Nick Chandler made the decision to only pay the Plaintiff and similarly-situated employees their regular hourly rate of pay for overtime hours, instead of at time and one-half their regular hourly rates as required by the FLSA.

19. During all or part of the recovery period applicable to this action, Defendants Alan Chandler and Nick Chandler enforced, approved and/or ratified a policy and practice of paying Plaintiff and other similarly-situated employees their regular hourly rate of pay for the overtime hours they worked, instead of at time and one-half their regular hourly rates as required by the FLSA.

20. Throughout the recovery period applicable to this action, Defendants Alan Chandler and Nick Chandler knew that the law required that employees of the Defendants be paid overtime pay for hours worked in excess of forty hours in a workweek.

21. Defendants are subject to personal jurisdiction in the state of Tennessee for purposes of this lawsuit.

22. At all times material to this action, Dry-All, Inc., has been an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA, and has had a gross volume of sales which has exceeded $500,000.

24. At all times material to this action, Defendants have been "employers" of the named Plaintiff, as defined by §203(d) of the FLSA, as well as employers of all other persons similarly-situated to the named Plaintiffs, namely, employees who perform basement waterproofing and other services.

25. The overtime provisions set forth in §2077 of the FLSA apply to the Defendants.

### III.    JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction); and 29 U.S.C. §216(b) (FLSA).

27. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c).

## IV. VIOLATIONS OF THE FLSA

### A. Defendants' failure to pay overtime compensation

28. Defendants have intentionally and repeatedly engaged in a practice of improperly and unlawfully failing to pay their non-exempt employees overtime pay including, but not limited to, the named Plaintiff and the collective group of similarly-situated employees who worked as for them in violation of the provisions of the FLSA and corresponding federal regulations.

29. Specifically, Defendants have intentionally and repeatedly engaged in the practice of paying their non-exempt employees, including the Plaintiff, at their regular hourly rate of pay for hours worked in excess of 40 per week, instead of at the required rate of time and one-half their regular hourly rate of pay, in violation of the provisions of the FLSA.

30. Plaintiff typically worked between 55 and 65 hours per week for Defendants, but until the last few months of his employment Plaintiff was not paid at time and one-half his regular hourly rates as required by the FLSA.

31. Plaintiff would typically meet other employees on his crew at Defendants' office at 5:00 a.m., and they would then leave together to travel to the job site in a company truck supplied by Defendants. If the job was out of town, which happened approximately 2 to 6 times a month, Plaintiff and his crew could travel as much as 3 hours to the job site.

32. Plaintiff's experience is typical of other employees who worked for Defendants.

33. Defendants only began paying Plaintiff and similarly-situated employees lawful

overtime pay during the last few months of Plaintiff's employment because some new employees complained about not receiving overtime pay for working more than 40 hours in a workweek.

## V. SCOPE OF DEFENDANTS' LIABILITY

34. On information and belief, there are other similarly-situated present and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present action. Those similarly-situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all current and former employees should be notified who, at any time during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of court-supervised notice, have been "suffered or permitted to work" for Defendants without receiving their proper and lawful wages.

35. Throughout the recovery period applicable to this action, Defendants Alan Chandler and Nick Chandler exercised operational control over the business activities and operations of All-Dry, Inc., including control over the employees they employed.

36. In particular, Defendants Alan Chandler and Nick Chandler directed and controlled work performed by the Plaintiff and all similarly-situated employees who worked for them or had the right to direct and control their work, and implemented, approved, and/or ratified the policy of not paying overtime pay to Plaintiff and other similarly-situated employees.

37. During a significant portion of the recovery period applicable to this action, Defendants Alan Chandler and Nick Chandler were fully aware of the fact that Plaintiff and similarly-situated employees were not paid at the rate of time and one-half their regular hourly rate of

7

pay for hours worked in excess of 40 in a workweek.

38. Accordingly, Defendants Alan Chandler and Nick Chandler acted "directly or indirectly in the interest of an employer in relation to" the named Plaintiff and similarly-situated employees within the meaning of §203(d) of the FLSA, and are thus individually and personally liable for the unpaid wages, liquidated damages, costs and attorneys' fees, and all other relief sought herein.

## VI. COUNT ONE

39. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-38 herein. By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

40. Defendants willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by endeavoring to prevent the proper compensation of Plaintiff and other present and former, similarly-situated employees in accordance with §207 of the FLSA.

41. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all others similarly-situated, has suffered damages by failing to receive their lawful overtime wages in accordance with §207 of the FLSA.

42. Defendants have made no good faith effort to comply with the FLSA with respect to their compensation of Plaintiff or other similarly-situated employees.

43. Defendants' willful conduct is evidenced by its treatment of Plaintiff.

44. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly-

situated to Plaintiff have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

45. Pursuant to 29 U.S.C. §216(b), a Consent to participate in this action signed by the Plaintiff is attached hereto as Exhibit A.

## VII. PRAYER FOR RELIEF

46. WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly-situated persons, pursuant to §216(b) of the FLSA, prays for the following relief:

A. That at the earliest possible time, he be allowed to give notice, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed as hourly workers for the Defendants. Such notice shall inform them that this action has been filed, the nature of the action, and of their right to opt into this lawsuit pursuant to 29 U.S.C. §216(b).

B. That the Plaintiff, and all similarly-situated employees, be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest;

C. Reasonable attorneys' fees;

D. The costs and expenses of this action; and

E. Such other, further legal and equitable relief, including but not limited to, any

9

injunctive and/or declaratory relief to which they may be entitled.

                DICKINSON WRIGHT PLLC

                /s/ Martin D. Holmes
                Martin D. Holmes, TN Bar# 012122
                R. Cameron Caldwell, TN Bar #29084
                Fifth Third Center
                424 Church Street, Suite 800
                Nashville, TN 37219-2392
                Tel.:  615.244.6538
                mdholmes@dickinsonwright.com
                ccaldwell@dickinsonwright.com

NASHVILLE 75736-1 615051v2