IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD EDWARDS, individually and on behalf of all similarly-situated persons, ) ) ) ) | |
| Plaintiff, ) | NO. 3:17-cv-01313 |
| ) | |
| v. ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE NEWBERN |
| ALL-DRY, INC., and ALAN CHANDLER and NICK CHANDLER, individually, ) ) ) ) | |
| Defendants. ) | |

# MEMORANDUM

## I. Introduction

Pending before the Court are Plaintiff's Motion For Conditional Certification, Approval of 29 U.S.C. § 216(b) Notice And Consent Forms, And To Order Disclosure Of Contact Information For Current And Former Employees (Doc. No. 13); Defendants' Response To Plaintiff's Motion (Doc. No. 17); and Plaintiff's Reply (Doc. No. 19).

For the reasons set forth below, Plaintiff's Motion For Conditional Certification, Approval of 29 U.S.C. § 216(b) Notice And Consent Forms, And To Order Disclosure Of Contact Information For Current And Former Employees (Doc. No. 13) is **GRANTED** in part, and **DENIED** in part. The Magistrate Judge shall set appropriate deadlines for the issuance of court-supervised notice in accordance with this Memorandum and accompanying Order.

## II. Factual and Procedural Background

Plaintiff Richard Edwards, a former employee of Defendants All-Dry, Inc., Alan Chandler, and Nick Chandler, has brought this action under the Fair Labor Standards Act, 29

U.S.C. §§ 201, *et seq.* ("FLSA") individually and in a representative capacity as a collective action on behalf of others "similarly situated" under 29 U.S.C. § 216(b). (Doc. No. 1). Plaintiff alleges Defendants required and/or permitted non-exempt employees to routinely work more than 40 hours per week without payment of overtime compensation during the three years prior to the date the Complaint was filed. (*Id.*)

Through the pending motion, Plaintiff requests the Court issue an order: (1) allowing this case to proceed as a collective action under Section 216(b) on behalf of employees of Defendants who worked as hourly-paid crew members or installers (or those who performed similar duties, however titled) from September 27, 2014 through the present; (2) requiring Defendants to immediately provide a list of names, last known addresses, last known telephone numbers, and email addresses for all putative class members; (3) approving the proposed Notice and Consent forms filed as exhibits to the Motion; and (4) ordering the proposed Notice be prominently posted at Defendants' office location, attached to current employees' next scheduled paycheck, and mailed and emailed to putative class members. (Doc. No. 13). To support the Motion, Plaintiff has filed the declarations of Michael Glaser and Trevor West, both of whom were employed with Defendants during the relevant time period. (Doc. Nos. 14-3, 14-4).

### III. Analysis

A. Conditional Certification

The FLSA provides a collective action may be maintained against any employer by one or more employees for and on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Unlike class actions under Federal Rule of Civil Procedure 23, FLSA collective actions require similarly-situated employees to "opt-in" as party plaintiffs. *Id.*

The Sixth Circuit has recognized a two-step process that is used by most district courts to determine whether plaintiffs are similarly situated. *See, e.g., Monroe v. FTS USA, LLC,* 860 F.3d 389, 397 (6th Cir. 2017) (citing *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546-47 (6th Cir. 2006)). For the first stage, which occurs at the beginning of discovery, courts use a "fairly lenient standard" that "typically results in conditional certification of a representative class." *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (citing *Comer*, 454 F.3d at 547)). A plaintiff need only show her position is similar, not identical, to the positions of the putative class members. *Comer,* 454 F.3d at 546-47. The court does not resolve factual disputes, decide substantive issues, or make credibility determinations. *Bradford v. Logan's Roadhouse, Inc.*, 137 F.Supp.3d 1064, 1072 (M.D. Tenn. 2015). If the court determines conditional certification is warranted, it may authorize the notification of similarly-situated employees to allow them to opt into the lawsuit. *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 167-68, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Monroe*, 860 F.3d at 397.

At the second stage, the court reviews the evidence produced during discovery and determines whether the class should be decertified. *Monroe*, 860 F.3d at 397. Although the court applies a "stricter standard" at the second stage, the FLSA plaintiff faces a lower certification burden than a plaintiff seeking certification under Rule 23. 860 F.3d at 397-98. In determining whether the plaintiffs are similarly situated, the court may consider whether the employees "suffer from a single, FLSA-violating policy" or whether their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* at 398 (citing *O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567, 584-85 (6th Cir. 2009)).

In their Response, Defendants state they do not oppose Plaintiff's request for conditional certification. Defendants do object, however, to the description of the collective action to include the parenthetical phrase "(or those who performed similar duties, however titled)." Defendants argue the phrase is vague. The Court is persuaded the parenthetical description is not vague, however, because it is limited by reference to "hourly-paid crew members or installers." Defendants are free, at an appropriate time, to challenge whether particular employees who have opted in are properly members of the collective action. Thus, the Court grants Plaintiff's request for conditional certification of a class consisting of employees of Defendants who worked as hourly-paid crew members or installers (or those who performed similar duties, however titled) from September 27, 2014 through the date the Complaint was filed.

B. Discovery and Court-Supervised Notice

Defendants also object to Plaintiff's proposed methods of notification and the wording of the proposed Notice of the collective action. As noted above, Plaintiff requests Defendants disclose a list of names, last known addresses, last known telephone numbers, and email addresses for all putative class members for the purpose of sending the proposed Notice. In their Response, Defendants indicate they have already disclosed the names, addresses, and telephone numbers of six potential class members to Plaintiff's counsel. Defendants object to providing email addresses for these individuals based on privacy concerns.

The Court is persuaded Plaintiff's request for email addresses should be granted. For individuals who have changed residences since leaving Defendants' employ, email notification is a reasonable method for ensuring these individuals receive notice of the action. *See, e.g., Evans v. Caregivers, Inc.,* 2017 WL 2212977, at *7 (M.D. Tenn. May 19, 2017). To allay any privacy

concerns, the parties are prohibited from disclosing the contact information of the putative class members to third parties without prior consent of the Court.

In addition to email and regular mail, Plaintiff also requests the proposed Notice be prominently posted at Defendants' office location, and attached to current employees' next scheduled paycheck. Defendants object to these requests as duplicative and unnecessary. Posting notice and disseminating notice with paychecks are fairly common methods of providing notice in FLSA collective actions. *Id.*, at *7 (courts in the Sixth Circuit have routinely approved dual notification through regular mail, as well as posting at employers' facilities, and providing copies with employees' paychecks). Defendants do not suggest these proposed methods of notice would be unduly burdensome, especially given they have only identified six individuals who are members of the putative class. Thus, the Court orders the proposed Notice be posted at Defendants' office location, and attached to the paychecks of putative class members.

As for the wording of the proposed Notice (Doc. No. 13-1), Defendants object to four specific sections. In Section 2, Defendants propose deleting certain information describing the allegations of the lawsuit and the requested relief in order to "clarify and reflect impartiality."[1] The information Defendants seek to delete appropriately describes this collective action, however, and is typically included in FLSA notices. The objection to inclusion of the language is overruled.

Defendants also seek to add to this section the following description of Plaintiff: "a former installer who worked for Defendants." Plaintiff objects to this addition because he contends it will confuse putative class members by leading them to believe the class does not include current employees. The Court is not persuaded such confusion is likely given the

---

[1] Defendants' proposed changes are set out in Plaintiff's Reply brief (Doc. No. 19).

description of the class as including current employees. This objection is granted and the proposed language should be added.

Section 4 states the recipient of the Notice may join the lawsuit: "[i]f you believe that you may not have been paid for all the hours you worked, or were not paid overtime pay at the rate of 150% of your regular rate of pay when you worked more than forty (40) hours in a week . . ." Defendants object to this language as "duplicative." The Court is persuaded, however, that this language enhances the understanding of putative class members as to the nature of the action and assists them in determining whether they fit within the class definition. Defendants' objection to Section 4 is overruled.

Section 5 advises putative class members they may still join the lawsuit even if they signed an agreement with Defendants agreeing they had been compensated for wages owed. Defendants argue this section should be deleted as misleading because individuals who have signed these agreements may not be entitled to further compensation under the FLSA. Plaintiff points out, however, that Defendants' payment of back wages may ultimately limit the potential recovery of class members but it does not prevent them from joining the lawsuit as a threshold matter. The Court agrees. The amount of any recovery by individual class members is an issue that is yet to be decided, and should not prevent an individual from opting in at this stage of the proceedings. Thus, Section 5 will not be deleted. The last sentence of the section,[2] however, appears to the Court to be argumentative, and should be deleted.

Finally, Defendants point out the name of the presiding judge appearing on the last page of the Notice should be changed to reflect transfer of the case to this Court. Plaintiff agrees. That

---

[2] The last sentence states: "Furthermore, if you are owed overtime pay, there is a strong likelihood that the Defendants did not compensate you for all of the overtime hours and other amounts you are owed and eligible to receive under the Fair Labor Standards Act." (Doc. No. 13-1 at 4).

change should also appear in the Notice. With the changes set forth herein, the proposed Notice and Consent forms are approved.

## IV. Conclusion

For the reasons set forth above, Plaintiff's Motion For Conditional Certification, Approval of 29 U.S.C. § 216(b) Notice And Consent Forms, And To Order Disclosure Of Contact Information For Current And Former Employees (Doc. No. 13) is granted in part, and denied in part.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE